**Jonathan Wallace, Esq.**
**PO #728**
**Amagansett, New York 11930**
**917-359-6234**
**jonathan.wallace80@gmail.com**

August 19, 2025

Hon. Judge LaShann DeArcy Hall
United States District Judge
Southern District of New York

<u>By E-Filing</u>

                                 Re: Sunset Garden v. City of NY  1:25-cv-04258

Dear Judge Hall:

     Plaintiffs respectfully submit this letter motion seeking an expedited hearing and briefing schedule on their Motion for a Preliminary Injunction, filed this morning (ECF Doc. No. 24). This request is made pursuant to Federal Rule of Civil Procedure 65(a)(2) due to the imminent and irreparable harm Plaintiffs face. Defendants have issued a formal notice of termination, dated August 12, 2025 (Exhibit N), stating that Plaintiffs must vacate Sunset Garden of Ridgewood ("the Garden") on September 3, 2025, and have said in phone conversations that they will lock the gates and remove their altar to Cecilia (and have disclaimed any damages they may cause in this process).

     Federal Rule of Civil Procedure 65 itself recognizes the urgency of such matters, mandating that hearings on preliminary injunctions "must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." This case presents precisely the kind of exigent circumstances that the Rule contemplates, as the threatened eviction would extinguish Plaintiffs' constitutional rights, destroy their unique community, and validate a campaign of harassment and threats.

     As detailed in our Memorandum of Law, the irreparable harm facing Plaintiffs is not speculative; it is immediate, severe, and multifaceted:

> 1.The Loss of First Amendment Freedoms: The City's actions are a direct retaliation against Plaintiffs for their protected speech and association. Allowing the eviction to proceed would cement this constitutional violation, causing irreparable injury. As the Supreme Court has unequivocally held, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).
>
> 2.The Destruction of an Irreplaceable Community Sanctuary: The Garden is not merely a plot of land; it is a safe haven and cultural institution for its QTBIPOC members. Its destruction,

*I have no help to send, therefore I must go myself*

and the loss of hundreds of pounds of fall harvest foods, cannot be remedied by monetary damages.

3.The Escalating Climate of Harassment and Violent Threats: The City's actions have fomented a climate of hate, resulting in online death threats (including threats of gassing and firebombing) and a terrifying in-person confrontation where immigrant garden members were menaced. (Tellez Aff. ¶¶ 10-11).

This hostile climate has been actively ratified and inflamed by the City's highest officials. On August 16, 2025, Mayor Eric Adams publicly and falsely accused the Garden of being a source of "hate," lending the authority of his office to the very pretext used to justify the termination. (Ex. O). This official conduct gives impermissible effect to private biases, which the law forbids. See *Palmore v. Sidoti,* 466 U.S. 429, 433 (1984). Such official condemnation from a final policymaker serves as a continuing form of retaliation designed to chill Plaintiffs' speech and punish them for it, and for filing this lawsuit. See *Levin v. Harleston,* 966 F.2d 85, 89 (2d Cir. 1992) (holding that a "threat of discipline by a state actor is sufficient to create a judicially cognizable chilling effect"). An expedited hearing is necessary to prevent the City from further encouraging this dangerous harassment and succeeding in its unconstitutional campaign.

Finally, we did not seek a temporary restraining order because the City's September 3rd deadline fell just outside the 14-day limit for a TRO under FRCP 65(b). Accordingly, a motion for a preliminary injunction is the proper and necessary procedural vehicle to seek durable relief before Plaintiffs are irreparably harmed.

For these reasons, Plaintiffs respectfully request that the Court set an expedited briefing schedule and hearing date for their preliminary injunction motion. We are also available for a conference to discuss this matter further if Your Honor thinks appropriate.

Sincerely,

/s/ Jonathan Wallace
Attorney for Plaintiffs

**I have no help to send, therefore I must go myself**