UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SUNSET GARDEN OF RIDGEWOOD, INC., and
INDALESIO TELLEZ,

          Plaintiffs,

   -against-

THE CITY OF NEW YORK, NYC DEP'T OF PARKS
AND RECREATION, NYC PARKS GREENTHUMB, and
CARLOS MARTINEZ, CHIEF OF STAFF OF NYC
PARKS GREENTHUMB,

          Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT**

Case No. 1:25-cv-04258 (LDH)

------------------------------------------------------------------------ x

    Defendants, The City of New York (the "City"), the New York City Department of Parks and Recreation ("Parks"), NYC Parks GreenThumb ("GreenThumb") and Carlos Martinez, Chief of Staff of NYC Parks GreenThumb ("Martinez," and collectively, "Defendants"), by their attorney MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, answer the Complaint of Plaintiffs Sunset Garden of Ridgewood, Inc. ("Sunset") and Indalesio Tellez ("Tellez" and collectively, "Plaintiffs"), dated July 31, 2025 (the "Complaint"), as follows:

    1.  Deny the allegations set forth in Paragraph 1 of the Complaint and affirmatively state that Sunset's license to operate a community garden on City-owned property in Ridgewood, Queens (the "Garden"), was properly terminated.

    2.  Deny the allegations set forth in Paragraph 2 of the Complaint and respectfully refer all questions of law to the Court.

    3.  Deny the allegations set forth in Paragraph 3 of the Complaint.

4. Deny the allegations set forth in Paragraph 4 of the Complaint except deny knowledge or information sufficient to form a belief as to only the allegation that Sunset is a not-for-profit corporation organized under the laws of the State of New York.

5. Deny the allegation that Defendants have discriminated, targeted or retaliated against Tellez, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Deny the allegations set forth in Paragraph 6 of the Complaint except admit only that the City is a municipal corporation, and that Parks is an agency of the City.

7. Deny the allegations set forth in Paragraph 7 of the Complaint except admit only that Parks is an agency of the City and affirmatively states that Parks maintains jurisdiction over City-owned parkland and certain community gardens.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, affirmatively state that GreenThumb is a program run by Parks, and respectfully refers all questions of law to the Court.

9. Deny the allegations set forth in Paragraph 9 of the Complaint except admit only that Carlos Martinez acted at all relevant times under the authority and policy of the City.

10. Paragraph 10 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said Paragraph and respectfully refer all questions of law to the Court.

11. Paragraph 11 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in said Paragraph and respectfully refer all questions of law to the Court.

12. Paragraph 12 of the Complaint contains a legal conclusion to which a response is not required. To the extent a response is required, defendants deny the allegations set forth in said Paragraph and respectfully refer all questions of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint and respectfully refer the Court to the referenced communication for a full and accurate statement of its contents.

15. Deny the allegations set forth in Paragraph 15 of the Complaint and respectfully refer the Court to the referenced communication for a full and accurate statement of its contents.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint and respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.

18. Deny the allegations set forth in Paragraph 18 of the Complaint, except admit only that Plaintiffs installed a certain "memorial altar" in the Garden.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complain.

21. Deny the allegations set forth in Paragraph 21 of the Complaint, except admit only that in April 2025, a panel on "cultivating Queer Community in Growing Spaces" was canceled.

22. Deny the allegations that the City caused, "emboldened" or "amplified" any harassment or intimidation of Plaintiffs by third parties, and otherwise deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations that the City caused, or "emboldened" any harassment or intimidation of Plaintiffs by third parties, and otherwise deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the Complaint.

24. Deny the allegations set forth in Paragraph 24 of the Complaint, except admit only that on May 5, 2025, Defendants terminated the License.

25. In response to Paragraph 25 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 24, as if fully set forth herein.

26. Deny the allegations set forth in Paragraph 26 of the Complaint and respectfully refer all questions of law to the Court.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint and respectfully refer all questions of law to the Court.

29. Deny the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint, respectfully refer the Court to the License for a full and accurate statement of its contents and respectfully refer all questions of law to the Court.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 31, as if fully set forth herein.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent the Court requires a response, deny the allegations set forth in Paragraph 33 of the Complaint and respectfully refer all questions of law to the Court.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 36, as if fully set forth herein.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent the Court requires a response, Defendants deny the allegations set forth in Paragraph 38 of the Complaint and respectfully refer all questions of law to the Court.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

41. The Complaint fails to state a cause of action against Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims are barred because they seek to challenge the administrative determination of a City agency, which pursuant to New York law, may only be challenged through

a special proceeding brought within four months of the determination pursuant to Article 78 of the New York Civil Practice Law and Rules.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. The actions of Defendants complained of were in all respects lawful and proper, reasonable, and rational and neither arbitrary nor capricious, nor in excess of jurisdiction, nor an abuse of discretion, and as a result they should not be disturbed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Defendants acted rationally and in the lawful exercise of their discretion and expertise.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Under the New York City Charter, Parks and GreenThumb are not suable entities.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Plaintiffs have failed to comply with one or more conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiffs have failed to mitigate their damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Upon information and belief, Plaintiffs' alleged injuries and damages were caused by the culpable conduct of some third party over whom the Defendants neither had nor exercised control.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

49. Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. Defendant Carlos Martinez's actions were taken in good faith, without malice, and in the exercise of professional judgment or in the performance of discretionary functions. Carlos Martinez did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is entitled to qualified immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. The Court lacks jurisdiction over the defendants, in that said defendants were not personally served with a summons that complies with Fed. R. Civ. P. 4(a)(1)(F) and/or Fed. R. Civ. P. 4(c)(1).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52. To the extent that Plaintiffs prove the allegation that Defendants imposed a speech restriction, such speech constituted government speech and is not subject to First Amendment protection.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

53. To the extent that Plaintiffs prove the allegation that Defendants imposed a speech restriction, such speech constituted commercial speech and the restriction thereof directly advanced a substantial government interest and was not more extensive than necessary.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

54. To the extent that Plaintiffs prove that their exercise of First Amendment rights was a motivating factor in the challenged action, Defendants would have taken the same action in the absence of Plaintiffs' speech for legitimate, non-retaliatory reasons.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

55. Plaintiffs' claims against Carlos Martinez are barred by virtue of Section 20 of the License which states, "No claim whatsoever shall be made by Licensee against any officer, agent, or employee of the City for, or on account of, anything done or omitted in connection with this agreement."

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

56. Defendants have the absolute, unqualified right to terminate the License upon sixty days' notice.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

57. Any actions undertaken by Defendants with respect to Plaintiffs were taken in good-faith, for non-discriminatory, legitimate reasons, and not on any protected characteristics under the New York City Human Rights Law.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

58. This action is barred by virtue of the fact that Plaintiffs have no property interest in the License or premises.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

59. Defendants' decision to terminate the License was proper, and based on Plaintiffs' violation of the terms of the License.

60. Plaintiff violated sections 5(B)(vi) and 8 of the License which required Plaintiff to make membership in the Garden available to the public and maintain public access to the Garden. Plaintiffs violated these requirements by imposing a litmus test requiring that prospective members agree to certain viewpoints even to be considered for membership. For example, the Garden's "Community Agreements" required applicants to "commit to interrupting violent behavior or rhetoric that expresses all forms of hate (such as . . . Zionist . . . beliefs etc.)." This rendered membership in the Garden unavailable to any member of the public who did not possess these viewpoints or even who simply refused on principle to reveal their viewpoints and likely rendered the same members of the public uncomfortable accessing the Garden, in violation of the License.

61. Plaintiff violated section 6(B) of the License which states, "No permanent structures or murals or other permanent works of art may be built in the Garden without prior written permission from GreenThumb and, where applicable, the New York City Department of Buildings and/or the New York City Public Design Commission" by installing a permanent work of art and/or mural without prior written permission of GreenThumb and/or the New York City Public Design Commission.

Dated: New York, New York
August 28, 2025

                                          MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2546 or 2521
bahlberg@law.nyc.gov
lspitaln@law.nyc.gov

By: _____/s/ Blake Ahlberg_____
Blake Ahlberg
Leslie Spitalnick
Assistant Corporation Counsel

9

TO: Jonathan Wallace, Esq.
*Attorney for Plaintiffs*
PO #728
Amagansett, New York 11930

Nicholas F. Cross, Esq.
*Attorney for Plaintiffs*
130 E. 18th Street
Brooklyn, New York 11226