```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK:  CIVIL TERM:  PART 5
 2   ------------------------------------------------X
     INDALESIO TELLEZ,
 3
                            Plaintiff,
 4
                     – against –                    INDEX #
 5                                                   100628/2025
     NEW YORK CITY DEPARTMENT OF PARKS and RECREATION,
 6   NYC PARKS GREENTHUMB
 7                          Defendants.
     ------------------------------------------------X
 8   Status Conference
 9                          June 11, 2025
                            80 Centre Street
10                          New York, New York 10013
11
     B E F O R E:  THE HONORABLE HASA A. KINGO,
12                            Justice of the Supreme Court
13
14   A P P E A R A N C E S:
15
16           JONATHAN WALLACE, ESQ.
             Attorney for the Plaintiff
17           P.O. Box 728
             Amagansett, NY 11930
18
19
             NEW YORK CITY LAW DEPARTMENT
20           OFFICE OF THE CORPORATION COUNSEL
             Attorneys for the Defendants
21           100 Church Street
             New York, NY 10007
22           By: BLAKE AHLBERG, ESQ.
                 LESLIE SPITALNICK, ESQ.
23
24                          MICHELE PANTELOUKAS
                            Senior Court Reporter
25
```

mlp

Proceedings

1          COURT CLERK:  Calling index number 100628 of

2    2025 in the matter of Indalesio Tellez versus New York

3    City Parks and Recreation et al. for a status conference.

4          Please state your appearances, starting with the

5    plaintiff.

6          MR. WALLACE:  Jonathan Wallace, Amagansett, New

7    York, for the plaintiff.

8          MR. AHLBERG:  Blake Ahlberg with the New York

9    City Law Department, 100 Church Street, New York, New York

10   10007, for the defendants.

11         MS. SPITALNICK:  Leslie Spitalnik, Assistant

12   Corporation Counsel, 100 Church Street, New York, New York

13   10007, for defendant.

14         THE COURT:  So, good afternoon, everyone.  And

15   thank you for appearing promptly in this matter.

16         At the last conference that the Court held in

17   this matter the parties conferenced this case and the City

18   of New York had expressed that, in light of the fact that

19   they had a desire to brief the issues presented within

20   plaintiff's order to show cause, the City was amenable to

21   an interim stay to allow the matter to be briefed on its

22   merits.  The Court granted the stay on those grounds, and

23   in the interest of adjudicating this case on its merits.

24         Since that time the Court has had an ability to

25   conduct a more thorough review of the issues presented in

mlp

Proceedings

1    this case.  And the Court had some concerns that I wanted

2    to raise for the parties and that will help inform how we

3    chart a course going forward in this matter so we can

4    properly proceed.

5            Some of the issues, and the reason why I brought

6    you here today, is because some of the issues are

7    threshold issues; and some of the issues also are going to

8    inform, to the extent that we continue with the briefing

9    of this matter, the nature and extent of what the briefs

10   will have to cover for purposes of the Court having a full

11   understanding and the parties fully presenting the issues

12   to the Court's satisfaction.

13           The issues that I want to raise with you that I

14   believe need to be emphasized in whole or in part are

15   the -- first, the threshold issue of standing.

16           Then the issue of the identity of proper

17   parties.

18           Venue.

19           And also the exhaustion of administrative

20   remedies.

21           I am going to start with the issue of venue

22   because CPLR 5043 directs that actions brought against the

23   City of New York be tried in the County in which the cause

24   of action arose.  Because the licensed garden here is

25   located in Queens, it would appear, at least at first

mlp

Proceedings

1    blush, that it would be properly venued in Queens County,

2    absent the parties agreement to transfer, which I fully

3    understand the parties would be entitled to do.

4           Secondarily, the defendants named in this case

5    are the New York City Department of Parks and Recreation

6    and Greenthumb.  Both of those entities are non-suable

7    entities because they are agencies of the City.  And for

8    that the Court, as it has in cases that it litigates

9    involving the City, cites to New York City Charter Section

10   396; as well as *Troy versus The City of New York* at 160

11   AD3d, 410, a First Department decision from 2018.

12          Here the Court observes that any recovery of

13   penalties or challenges to agency action must be brought

14   in the name of the City of New York itself, not in the

15   name of its constituent agencies.  That, of course, again,

16   is an issue that I believe the parties could stipulate to

17   to obviate that issue preventing the Court being able to

18   adjudicate this matter on its merits.

19          But then we get to the issue of standing.  And

20   on the issue of standing, the thing that I want the

21   parties to fully address as well, is that the license

22   agreement at issue here was exclusively between the Sunset

23   Garden of Ridgewood Incorporated, who is the licensee, and

24   the City.  And under prevailing New York Law it would

25   appear that there needs to be privity of contract between

Proceedings

1    the parties to require or enforce a challenge to the

2    contractual right.  And for that the Court cites *Tutor*

3    *Perini Building Corporation versus Port Authority of New*

4    *York and New Jersey* at 191 AD3d, 569.  That's a First

5    Department decision from 2021.

6            Based on that, it would appear that the

7    corporation alone, herein the Sunset Garden of Ridgewood

8    Incorporated, possesses standing to assert or defend the

9    licensee's –– the license's terms.

10           I do note that Mr. Wallace is present here as

11   counsel.  At the moment though, Mr. Wallace is counsel

12   ostensibly for the plaintiff, Mx. Tellez.  Counsel may, in

13   amending the pleadings or in discontinuing this action and

14   re-bringing the action in its proper form, commence the

15   lawsuit in the name of the corporation.  But I do believe

16   that the corporate entity rather than an individual

17   plaintiff may need to be the proper party for standing

18   purposes.

19           The next issue that's also foremost in the

20   Court's mind and is a concern of the Court in this

21   particular matter, is the issue of administrative

22   remedies, or I should say the lack thereof, in terms of

23   exhausting those administrative remedies.  At the initial

24   appearance when the plaintiff was here in the plaintiff's

25   individual capacity of a self–represented litigant without

Proceedings

1    counsel yet, the plaintiff confirmed that there is no

2    application that has been made to OATH or to the Contract

3    Dispute Resolution Board, or CDRB as it may be referred to

4    here, before filing this action.

5            Relief to stay an eviction or reinstate the

6    license may, in this instance, necessarily first be

7    brought through the appropriate administrative forum.

8    Here, because the challenge is to revocation of the

9    license, it would appear that -- and counsel can certainly

10   be heard on this issue, that the proper vehicle would be

11   an Article 78 proceeding.  But that would only be after

12   the prayers for relief -- rather, strike that.  But that

13   would only be after administrative remedies have been

14   pursued.

15           With respect to the prayers for relief, here

16   what -- on the pleadings -- the plaintiff appears to be

17   stating is that the plaintiff is primarily seeking a stay

18   of the eviction and reinstatement of the license.  But

19   that relief as addressed in the letter that the City

20   submitted to the plaintiff, is relief that, by the terms

21   even of the contractual relationship which the Court does

22   need those contracts to fully flesh out that issue.  But,

23   it would appear that as noted by the City, the proper

24   vehicle may be to exhaust administrative remedies, namely

25   proceeding to OATH or to CDRB before bringing this

Proceedings

1    proceeding in the manner in which it was brought.

2              So those are some of the threshold issues that

3    the Court has identified.

4              I do note that there can be a claim here

5    perhaps, and maybe this is what counsel is seeking to

6    assert, that the requirement to bring and exhaust all of

7    your administrative remedies may not be followed when an

8    agency's action is challenged either as unconstitutional

9    or wholly beyond its grant of power; or when resort to

10   administrative remedy would be futile; or when the pursuit

11   would cause irreparable injury.

12             However, there is binding case law within the

13   First Department that stands for the proposition that

14   constitutional claims do not excuse the lack of exhaustion

15   where the claims require the resolution of factual issues

16   reviewable at the administrative level.  And for that

17   premise the Court cites the *Town of Oyster Bay versus*

18   *Kirkland*, which is actually a Court of Appeals decision,

19   19 NY3d 1035 at 1038 from 2012, as well as companion First

20   Department case *Piedra versus New York State Division of*

21   *Parole* 117 AD3d, 477.  First Department, 2014.

22             So I raise these issues, Counselors, because I

23   do believe that they bear on the briefs that you want to

24   file.  But, I also raise them because the view of this

25   Court is also partly that the Court is troubled by the

1   stay in this matter.  And the reason why the Court is

2   troubled by the stay, is based on a full looking at these

3   issues.  And looking at the issues from the perspective of

4   the failure to exhaust administrative remedies and the

5   companion issues that the Court has identified here.

6        It may be -- I mean, the Court will weigh upon

7   this issue and issues its determination.  It may be that a

8   stay is an improvident exercise of this Court's

9   discretion.  What I will say to that issue though is that,

10  to the extent that the City of New York has already stated

11  its desire to adjudicate these matters on the merits, a

12  stay may also be rendered moot by the fact that the

13  parties are willing to brief the issues and bring them

14  before the Court.  However, on this Court's order, in my

15  view, I do not believe that a stay is warranted, even on

16  an interim basis at this juncture.

17       So, I do want to hear from -- first of all I

18  want to hear from the City on this issue and then I want

19  to hear from plaintiff's counsel.

20       MR. AHLBERG:  Sure, Your Honor.

21       So, just sort of, I guess, going backwards from

22  what the Court just brought up with regard to the

23  exhaustion of administrative remedies issue.  Just for

24  clarity, the CDRB process doesn't apply to this because it

25  was a license.  It is not subject to the PPP Rules.

1            THE COURT:  Okay.

2            MR. AHLBERG:  So, we would agree with the --

3 with the characterization that the challenge to

4 determination would probably be an Article 78 proceeding.

5 It is not really clear, you know, whether this could be

6 construed as that.  But, I don't think that the CDRB would

7 be necessarily --

8            THE COURT:  Okay.

9            MR. AHLBERG:  -- the proper way to challenge.

10            THE COURT:  What about a challenge at OATH?

11            MR. AHLBERG:  No.  It would be a final agency

12 determination, the determination of the license.  So I

13 think that an Article 78 would be the proper vehicle.

14            THE COURT:  Okay.

15            MR. AHLBERG:  I would agree with the Court that

16 there is a standing issue and that there are some issues

17 regarding identity of the parties, particularly in light

18 of the fact that the plaintiff is seeking monetary

19 damages.

20            As far as venue, I think that, you know, like

21 with regard to an Article 78 it can be where the

22 determination was issued, which was New York County.  So

23 we are comfortable with this action remaining in New York

24 County.

25            THE COURT:  Okay.

Proceedings

1      MR. AHLBERG:  Tell me if I am missing anything.

2  Sorry.

3      THE COURT:  The identity of the parties.

4      MR. AHLBERG:  Yeah, the identity of the parties,

5  I think, is an issue with regard to the fact that the

6  plaintiff is not who the license was with.  And that, you

7  know, the City of New York would need to be a proper

8  party.  You know, I know that Mr. Wallace is recently

9  involved in this matter, so I don't know if there are

10  discussions that we need to have separately.

11      THE COURT:  Okay.  Anything else you wanted to

12  bring up?

13      MR. AHLBERG:  No, I don't think so.

14      THE COURT:  Well, let me ask, because I don't

15  know if it was addressed here, if you wanted to wait for

16  plaintiff's counsel to speak first, but there is also the

17  issue of the stay.  And I articulated the basis of this

18  Court granting the interim stay in the fist instance was

19  because the City was amenable to not acting on revocation

20  of the community group's rights, you know, pending

21  briefing these issues.  And if the City reiterates that

22  position, then I think that a stay is superfluous and

23  unnecessary.

24      But also, for the issues that I articulated

25  earlier, a more fulsome review of the record, I don't know

mlp

Proceedings

1    that a stay is warranted for the other deficiencies that

2    the Court had identified.  But I don't know what the

3    City's position is with respect to that.

4              MR. AHLBERG:  I might need to circle back with

5    our office about that.

6              THE COURT:  Okay.

7              MR. AHLBERG:  About our position on that.

8              We would certainly follow the Court's

9    directives, and of course we do want an opportunity to

10   brief the issues.

11             THE COURT:  So let me ask this question, because

12   this also comes up a little bit, which is that initially

13   the Court's schedule was such that the hearing on these

14   issues, or rather the return date or the order to show

15   cause, was put out for a date in July.  What I would like

16   to see, just because I do believe that one way or the

17   other the vindication of the different perspectives that

18   you all have in this matter should be resolved sooner

19   rather than later, I think that we should do a more

20   expedited briefing schedule here whereby the City, if the

21   City is amenable to it, would provide its papers.  And I

22   am willing to work with you, Counsel, in terms of what you

23   think would be the requisite time to put in your papers.

24   But to put in your papers, for instance, by June 19, which

25   is -- which is a little over a week from now.

Proceedings

1    Although, you know what, I would actually say

2   June 20, since the Court is closed on June 19, putting the

3   papers in, procedurally, might be difficult to do on the

4   19th, so the 20th would work.

5    And then while it is not required, because the

6   Court raised the issues that are of concern and that need

7   to be addressed in the briefs, it would also fundamentally

8   be fair for the plaintiff to have an opportunity to

9   respond in kind.  So, if plaintiff would be able to

10  respond a week later, by June 25, and then we could have

11  the return date on the order to show cause, a full hearing

12  on the issues on June 27 rather than prolonging this until

13  July 17, that would be the Court's preference, to get the

14  matter resolved sooner rather than later.

15    MR. AHLBERG:  Yeah, I mean, I understand Your

16  Honor.  Given the seriousness of the issues and I am also

17  on vacation on the 20th --

18    THE COURT:  Oh, okay.  Okay.

19    MR. AHLBERG:  -- I would hope that we could have

20  at least two weeks.

21    THE COURT:  Have at least what is that?

22    MR. AHLBERG:  At least two weeks.

23    THE COURT:  Okay.  All right.  Can you do -- can

24  you do -- working backwards can you do June 25?

25    MR. AHLBERG:  Yeah, if it is necessary, you

Proceedings

1    know, we can make it work.

2        THE COURT:  And what about for plaintiff's

3    counsel, would June -- can you respond in kind by June 30?

4    Again, I know that on an order to show cause a reply is

5    not granted as a matter of right.  However, I do believe

6    that a reply would be necessary here to address some of

7    the substantive concerns raised by the Court.

8        Counsel?

9        MR. WALLACE:  Yes, Your Honor.

10       I would like to add one more variable, which is

11   that it was my wish to amend -- and I think we can still

12   do that as a right at this phase of the case, the

13   amendments that I already had in mind would have addressed

14   a couple of the points Your Honor raised.  It was my

15   intention to add the Garden as a plaintiff to the case.

16       You raised three issues:  Venue, standing and

17   administrative remedies.

18       So as far as venue is concerned, obviously if

19   the City would consent, we would rather stay here.

20       THE COURT:  Okay.  All right.

21       MR. WALLACE:  As far as standing is concerned,

22   we -- oh, we will address that by bringing in the --

23   bringing in the corporate entity and also by adding the

24   City as a defendant, as Your Honor pointed out.

25       THE COURT:  Okay.

mlp

Proceedings

1          MR. WALLACE:  As the agencies were improperly

2     sued.

3          As far as administrative remedies and the

4     possibility of an Article 78, this happens to be an area I

5     briefed fairly recently.  And the problem with trying to

6     pursue constitutional issues under a 78, I have a decision

7     from another Appellate Division, I think it was the Fourth

8     Department that actually says you can't bring First

9     Amendment issues in an Article 78, which I personally

10    think is the right solution.

11         THE COURT:  Any authority within the First

12    Department?  I don't see it.

13         MR. WALLACE:  I found cases which support the

14    idea that you can bring a plenary action -- not that you

15    can't bring a 78, but I have case law that says that it is

16    appropriate and a case that involves administrative and

17    constitutional issues to bring two cases, a 78 and a

18    plenary action.  The problem with trying to shoehorn

19    constitutional issues into a 78, Your Honor, is that the

20    78 standard is not suitable for constitutional issues.

21         On a first amendment claim there are three

22    possible levels of review, of which the least restrictive

23    is rational basis.  And there is something called

24    intermediate scrutiny.  Strict scrutiny is the most

25    demanding one and the hardest for the defendant to get

Proceedings

1    over.

2         And a strict scrutiny is actually mandated when

3    there is an assertion, you know, a plausible assertion

4    that there was a viewpoint discrimination, which is

5    exactly what we are asserting here.  So the arbitrary and

6    capricious standard of a 78 actually only maps to rational

7    basis.  And strict scrutiny completely exceeds that

8    rational basis standard but isn't available in a 78.  So I

9    think it is just a misbegotten effort to try to litigate

10   constitutional issues in an Article 78.

11        THE COURT:  Well, I will say this though,

12   Counsel, I think that, you know, part of the issue and the

13   argument that the City will raise, I know that you raise

14   at least in the order to show cause on its face, issues

15   with respect to the installation or monument that was on

16   the property.  However, the City in its letter indicated

17   that part of the -- its view as to grounds for termination

18   of the license, was that the community agreements and

19   community values adopted by the Garden may discriminate

20   against one group in favor of another in violation of the

21   City Human Rights Laws and the terms of the license.  I

22   note that in the pleadings as presented to the Court so

23   far, the license itself and the community agreements and

24   community values are not contained within the submissions.

25   So, I don't know the extent to which that is an issue that

Proceedings

1    is being litigated, because on the face of what I have

2    been presented with, I don't know that it is -- it is the

3    issue that is before this Court.

4            Are you moving on the grounds of challenges to

5    the purported removal of the installation?  Or is it

6    something else?

7            MR. WALLACE:  I am sorry, are you asking me?

8            THE COURT:  I am asking you.

9            MR. WALLACE:  Yes.  Your Honor, that is one of

10   our assertions.  I can clarify that in the amended

11   pleading.

12           What I would propose to Your Honor -- and by the

13   way, the whole issue of whether we committed an act of

14   discrimination by putting up the monument is a fact

15   intensive -- those are disputed fact issues that can come

16   up in two contexts.  As I foresee it, it can be

17   appropriately asserted on balancing of the equities in the

18   next round of briefing we are going to do.  But it would

19   also, regardless of the outcome on an injunction, be fact

20   issues pending discovery and trial, not something that

21   could be adjudicated on a preliminary motion.

22           I would like to propose, Your Honor, two things:

23   One, that we stipulate to keep the stay in place until the

24   outcome of this motion that we are scheduling now.

25           THE COURT:  Okay.

Proceedings

1      MR. WALLACE:  And secondly, that we set a date

2   for me to amend the complaint so that they can write their

3   motion papers based on the actual amended complaint.

4      THE COURT:  Well, that -- the only issue I have

5   with that, that presents an issue in terms of the

6   choreography of it, because we have an order to show cause

7   with a return date that is tentatively July 17.  I mean,

8   if the Court -- as the Court is inclined today, and as the

9   Court has stated wants to get the briefs in on a more

10  expedited basis, that would presuppose the amendment has

11  to be filed on an expedited basis.

12      MR. WALLACE:  Your Honor, I was proposing -- I

13  mean, I would love to have a week to do it.

14      THE COURT:  Well, let me just look at the --

15  that takes a week away from the briefing that the City has

16  proposed.

17      Can you do it -- can you do it by Monday?

18      MR. WALLACE:  Yes, Your Honor.

19      THE COURT:  To afford the City the requisite

20  time?  Okay.

21      I mean, on the one hand, Counsel, it is -- this

22  is for the City.  We know what the intention is here.  So,

23  I don't know that it really prevents your ability from

24  working on the briefs in anticipation of that.  And then

25  of course finalizing the briefs based on the arguments

1   that are actually articulated.  So you know what is coming

2   in other words.  I don't think that necessarily means that

3   we have to prolong the briefing schedule to the original

4   return date.  I think we can still proceed as the Court

5   wishes.  They put in the amended pleading by the

6   16th and then you put in your papers by the 25th.

7   Does that work?

8           MR. AHLBERG:  I mean --

9           THE COURT:  Or not the 25th.

10          MR. AHLBERG:  I don't necessarily know what we

11  are going to see in the amended pleading, like, there

12  could be completely different legal theories that we are

13  not anticipating.

14          And, you know, I would need more time.  I would

15  ask for another week after that if the pleadings are going

16  to be amended, because now we are starting from scratch.

17          MR. WALLACE:  I will represent that the legal

18  theories will not -- I mean, the causes of action will

19  stay the same.  And the only thing that may vary a bit is

20  that I may address the administrative remedies issue that

21  were raised today.  It won't be an extensive amendment.

22  It will be adding a party and address why it should be a

23  plenary action instead of a 78.

24          MR. AHLBERG:  That is a substantive change

25  versus what we were anticipating.  But, you know, maybe

Proceedings

1    Mr. Wallace could forego the reply to give us time since

2    he needs to amend.

3         MR. WALLACE:  I would rather make the reply with

4    less time to make it than to forego it.

5         THE COURT:  I understand.  I understand.

6         Why don't we do -- look, I guess the threshold

7    issue may need to be -- may need to be reconciled now by

8    the City.  If you need a moment you can take a moment.

9    But as I mentioned, I am not -- I am not continuing the

10   stay on my order.  So, if you want to stipulate to more

11   time and the City on its own volition with counsel

12   stipulates to not proceed on revocation of the license

13   pending briefing on this issue and you want more time for

14   that, I am amenable to that.

15        But again, I believe these issues should be

16   resolved sooner rather than later.  And so -- but that's

17   up to the City.

18        MR. AHLBERG:  Understood.  We don't have

19   authority to agree to it, so we would need to --

20        THE COURT:  Do you want five minutes to make a

21   call and come back on the record?

22        MR. AHLBERG:  Yes.

23        THE COURT:  Okay.  Then let's do this then.

24   Just in an ideal world then, from your perspective, what I

25   am hearing from you is if the amended pleading comes in on

Proceedings

1   Monday the 16th, you want two weeks.  Am I correct in

2   that?

3               MR. AHLBERG:  Yes, Your Honor.

4               THE COURT:  So you would want until July -- I am

5   sorry, June 30, last day of June, for your briefs to be

6   in.

7               MR. AHLBERG:  Yes.

8               THE COURT:  And then with respect to your reply,

9   the only issue is that -- and this is part of the reason

10  why the Court stretched into the week of the

11  14th through the 18th for the original return date, is

12  that the week of the 7th through the 11th, the Court

13  cannot do for the return date for the order to show cause.

14  So, let me ask this question of you, Counsel, Mr. Wallace,

15  are you amenable to -- are you amenable to submitting

16  something by July 3?

17              MR. WALLACE:  Yes.

18              THE COURT:  Okay.  The only issue then is

19  whether or not -- the timing matters, I think, in this

20  one.

21              What about this:  For the City, can you do --

22  can you do 9:30, so first thing for the submission of your

23  briefs 9:30 on June 30; and then give Mr. Wallace until

24  July 2, close of business, so it is the full -- the

25  entirety of the day on Monday the entirety of the day on

Proceedings

1    Tuesday and the entirety of the day on Wednesday.  And

2    then we make the return date, again, because the Court is

3    indisposed on the following week, we make the return date

4    July 3 to come back here?  And I am happy to do that if

5    you want time to prepare, in terms of if the reply papers

6    are received by close of business on July 2, which is

7    really 4:30 for court purposes, but 5:00 is okay as well,

8    we could come back the next day, let's say the same time,

9    like -- well, actually we could do earlier.  Could you do

10   like 11:30?  11:30 on July 3 if that's the case?

11            MR. AHLBERG:  That will work for us, Your Honor.

12            THE COURT:  Okay.  So given that briefing

13   schedule, this gives you a little more of the lay of the

14   land, Counsel, with respect to talking to the powers that

15   be about whether or not you would stipulate to the stay

16   continuing until that date.  And why don't you do that?

17   And then we will come back on the record once you have had

18   an opportunity to do that.

19            MR. AHLBERG:  Thank you.

20            THE COURT:  Thank you so much.

21            (Pause in the proceeding.)

22            COURT OFFICER:  All rise.  Court is back in

23   session.

24            THE COURT:  Please be seated everyone.

25            Counsel for the City, you were afforded an

Proceedings

1   opportunity to discuss whether or not, given the Court's

2   position on the interim stay, you would consent to a stay

3   with the amended briefing schedule that has been proposed

4   by Court.  What is your word with respect to that?

5          MS. SPITALNICK:  Thank you, Your Honor, for the

6   time that you allotted us to reach out to our office.

7          The City is willing to consent to continue the

8   stay until July 2 in light of the fact that the stay

9   period will be shorter, and to give the City an

10  opportunity to respond on paper to plaintiff's amended

11  briefing.

12         THE COURT:  Well, let me ask actually, a point

13  of clarification, because we are coming back on July 3, is

14  it the City's position --

15         MS. SPITALNICK:  July 3, Your Honor.

16         THE COURT:  I just wanted to make sure.

17         MS. SPITALNICK:  July 3.

18         THE COURT:  What I would ask then, and I believe

19  my clerk can provide you with a blank stipulation.  Just

20  put the stipulated terms in the stipulation and then we

21  will upload it to NYSCEF, because I think it has been

22  converted now to NYSCEF.

23         The other thing I wanted to mention -- and you

24  are of course okay with that Counsel, correct,

25  Mr. Wallace?

Proceedings

1      MR. WALLACE:  Yes, Your Honor.

2      THE COURT:  So then, and the other thing I

3  wanted to mention, this is really an administrative thing

4  that was raised by the County Clerk when they were

5  converting it to NYSCEF.  Counsel, they mentioned that

6  they -- there was an issue with respect to being able to

7  upload the conformed order to show cause because of the

8  payment of a fee.  I don't know what that is about.  But

9  if you want, I think they close at 4:00 today and we are

10  close to that time now, but if you could, just at your

11  earliest convenience tomorrow or the next day, just

12  clarify with them so that the court is able to upload both

13  the original conformed order to show cause into NYSCEF as

14  well as a re-conformed order to show cause that will

15  provide for the new briefing dates that we have just

16  discussed that works for the Court.

17      And then finally -- so we will do the

18  stipulation.  I'll upload a conformed order to show cause

19  with the new dates.  And then for the City's sake, what I

20  was going to do on the re-conformed order to show cause is

21  to just cross out the service, because -- would you accept

22  service just based on it being uploaded to NYSCEF, given

23  that you have already been served with the original order

24  to show cause?

25      MR. AHLBERG:  Yes.

Proceedings

1       THE COURT:  Thank you for confirming that.

2       So I think that resolves all of the issues.  As

3  I mentioned my clerk will give you a blank stipulation.

4  Is there anything else that you wanted to clarify with the

5  Court before we broke for the day?

6       MR. WALLACE:  Yes, Your Honor.  I have one quick

7  question.

8       THE COURT:  Yes?

9       MR. WALLACE:  On July 3 will that be more in the

10  nature of oral argument or is Your Honor expecting us to

11  present witnesses?

12       THE COURT:  In the nature of oral argument is

13  what I anticipate, oral argument on the papers that have

14  been presented.  And should there be a need for anything

15  further beyond that, we could certainly discuss it on that

16  date.  But really it is the briefs and whatever arguments

17  you want to emphasize and also draw the Court's attention

18  to for purposes of edifying what will be contained within

19  your papers.

20       MR. WALLACE:  Thank you, Your Honor.

21       THE COURT:  And the date, so I have it as well,

22  the date that you are going to provide the -- was it

23  June 16, correct, is the date that you are going to get

24  the amended pleading in with all of the issues corrected?

25       MR. WALLACE:  Yes, sir.

mlp

Proceedings

1    THE COURT:  Thank you for that.  And then, so

2    the City has accepted service.  On that note we also said

3    July 3 was at 11:30, right?  That time works for the

4    parties?

5    MR. AHLBERG:  Yes.

6    MR. WALLACE:  Yes.

7    THE COURT:  All right.  So July 3 at 11:30.

8    MR. AHLBERG:  And for the avoidance of doubt,

9    the briefing and the hearing is all about the preliminary

10   injunction application, correct?

11   THE COURT:  Well, let me clarify that for a

12   moment.  What is your understanding of that, Counsel, when

13   you say that?

14   MR. AHLBERG:  As to whether the Court should

15   continue a preliminary injunction, that would be the issue

16   that we are briefing.

17   THE COURT:  Is that what your understanding is

18   as well, Mr. Wallace?

19   MR. WALLACE:  Yes, Your Honor, unless Your Honor

20   would like us to brief other issues.  That is what I would

21   have anticipated.

22   THE COURT:  Well, my only question for the -- in

23   terms of what you have mentioned, Mr. Wallace, as it

24   relates to the -- as it relates to the constitutional

25   issues is, are you -- are you making a substantive claim

Proceedings

1    that the City will respond to by that date with respect to

2    whether or not the lawsuit, as currently constituted, can

3    continue based on the alleged -- the allegations contained

4    within the pleadings?

5         Or is that an argument that you do not believe

6    would be addressed within the four corners of what is

7    before the Court right now?

8         MR. WALLACE:  I was certainly intending to

9    address that in my amended complaint.  And then just --

10   unless we, kind of, change the plan, I gather there won't

11   actually be a motion to dismiss pending.  But a lot of

12   those same issues would be evaluated by Your Honor on the

13   balancing of the equities.

14        THE COURT:  I see.  I see.  And is that the

15   City's understanding as well?

16        MR. AHLBERG:  Yes, Your Honor.  Our thought was

17   that we would, you know, reserve our right to make a

18   motion to dismiss under 3211 at whatever time.

19        THE COURT:  Okay.  All right.  Understood.

20   Understood.

21        So, I think that that is the rubric under which

22   we will proceed.  And my clerk will give you the

23   stipulation for us to fill out.  And we will adjourn until

24   that time.

25        Thank you, Counselors.

Proceedings

1          MR. AHLBERG:  Thank you, Your Honor.

2          MS. SPITALNICK:  Thank you, Your Honor.

3          THE COURT:  Actually, back on the record for one

4     moment.  Sorry counselors.

5          Back on the record momentarily.

6          I would like to receive for the Court's

7     edification, as well as for the parties, a -- and also

8     given the truncated schedule for the updated return date,

9     July 3 at 11:30, I would like to get a transcript of

10     today's hearing.  And I am going to request that the City

11     order that on an expedited basis so that the Court can

12     receive it, and the parties will also receive it because

13     I'll upload it into NYSCEF, and that can be part of the

14     record in this proceeding.

15          MR. AHLBERG:  Understood.  Thank you.

16          THE COURT:  Thank you very much.

17                    *          *          *

18     CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE ORIGINAL

19     STENOGRAPHIC MINUTES IN THIS CASE.

20                    _____

21                    MICHELE PANTELOUKAS

22                    SENIOR COURT REPORTER

23

24

25