**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SUNSET GARDEN OF RIDGEWOOD, INC., and
INDALESIO TELLEZ,

*Plaintiffs*,

v.

THE CITY OF NEW YORK, NYC DEP'T OF
PARKS AND RECREATION, NYC PARKS
GREENTHUMB,
and CARLOS MARTINEZ, CHIEF OF STAFF
OF NYC PARKS GREENTHUMB

*Defendants*.

**STIPULATED PROTECTIVE ORDER**

Civil Case No.: 1:25-cv-04258 (LDH)(MMH)

Hon. Judge LaShann DeArcy Hall and Magistrate
Judge Marcia M. Henry

---

The Court enters the following Protective Order governing the disclosure of confidential Discovery

Material by a Producing Party to a Receiving Party in this Action.

1. Definitions. As used in this Order:
   a. "Action" refers to the above-captioned litigation.
   b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).
   c. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.
   d. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

   f. "Personally Identifiable Information" or "PII" includes, but is not limited to, home addresses, personal telephone numbers, personal email addresses, dates of birth, social security numbers, and any other information that could reasonably be used to identify the location or contact a non-party individual
   g. "Pseudonym" means a non-identifying designator (e.g., "Garden Member A") used to refer to a non-party witness or Garden member in public filings.

   Confidential Discovery Material. This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:
   a. "CONFIDENTIAL" Material. For the purposes of this Protective Order,

confidential Discovery Material designated as "CONFIDENTIAL" shall include:

i. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

any information it believes in good faith constitutes trade secrets, proprietary business or City information, governmental, sensitive, or personal information, or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, if disclosed to a Party to this action, a non-party, or to the public in general, cause harm or be detrimental to the conduct of the disclosing Party's or non-party's business or other proprietary, governmental, or privacy interest or to the business or other proprietary or privacy interest of any of that Party's or non-party's employees, customers, clients, vendors, agents, or stakeholders;

2.

ii. Personnel data of the parties or their employees or members, including but not limited to, name, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; ~~medical evaluation and treatment and related records; counseling or mental health records;~~ educational records; and employment counseling, discipline, or performance improvement documentation;

iii. Information concerning settlement discussions and mediation including demands or offers, arising from a dispute between a party and a non-party;

~~d. Medical or mental health information;~~

~~e.~~ **iv.** Records restricted or prohibited from disclosure by statute; and

~~f.~~ **v.** Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information "CONFIDENTIAL" contained within the underlying confidential Discovery Material.

    **a. Redaction of Personally Identifiable Information.**

        **a. Notwithstanding any other provision, a Producing Party may redact PII of any non-party individual from any Discovery Material produced, including the immigration status or any information related to the national origin or citizenship of any individual; or any Medical, psychological, or mental health information of any person, but not including the names of individuals. The basis for such redaction may be noted simply as "Redacted PII of Non-Party."**

        **b. Such redactions shall not require an entry on a privilege log, provided that the Producing Party indicates on a log or by other notice that such redactions have occurred.**

        **c. If a Receiving Party has a good-faith, particularized need for the redacted PII of a**

**specific individual, it must first meet and confer with the Producing Party. If no agreement is reached, the Receiving Party may apply to the Court for relief, demonstrating that the need for the specific information outweighs the risk of harm, harassment, or intimidation to the individual.**

3. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

4. In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall promptly notify the disclosing party and provide it with a copy of the request; and shall make reasonable efforts to provide the disclosing party with reasonable time to object to such disclosure.  Nothing in this Stipulation and Order shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

5. Manner of Designation. A Producing Party shall affix a "CONFIDENTIAL" designation to any ~~confidential~~ Discovery Material produced in this Action.
   a. (i)For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material in a manner that will not interfere with legibility or audibility; and (ii) providing any Confidential Material in a separate "Confidential" production volume, including full families of such Confidential Material.
   b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).
   c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL, the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential**.**
   d. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as **"CONFIDENTIAL"** specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This

 designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

6. Timing of Confidential Designation.

   a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

   c.

7.

   a. Qualified Recipients. For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:
   **a. For Discovery Material designated "CONFIDENTIAL":** Qualified Recipients are:

   i. The Parties, including **-only those officers or employees of the parties to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement attached as Appendix A.**

   ii. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, E-Discovery services, or mock trial services, or provide messenger or other administrative support services;

   iii. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

   iv. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

   v. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts;

   vi. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

   vii. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

   viii. Court reporters for depositions taken in this Action, including persons operating

video recording equipment and persons preparing transcripts of testimony;

    ix. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

Any other person whom the disclosing party agrees in writing may have access to such Confidential Material; and

    x. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

8. Dissemination by the Receiving **Party.**

    a. Before receiving confidential Discovery Material , each Qualified Recipient who is not included in Sections 5(a)(ii) and **5(b)(i)-(ii)** above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

    b. The prohibition on disclosing information designated as "CONFIDENTIAL**"** exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

9. Limitations on Use. Discovery Material designated as "CONFIDENTIAL**"** shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10. The recipient of any Confidential Material that is provided under this Stipulation and Order shall maintain such material under direct control of counsel for the receiving party, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based.

11. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person or party responsible for the unauthorized disclosure must within (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

12.

13. Docket Filings.

    a. A party seeking to file documents containing confidential Discovery Material under seal must

comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

**b. To prevent the inadvertent public disclosure of the identities of vulnerable non-party witnesses, the parties may use Pseudonyms (e.g., "Garden Member A," "Witness B") to refer to such individuals in all public filings with the Court, including memoranda of law, declarations, and affidavits. The key linking such Pseudonyms to the individuals' actual identities shall be filed under seal and designated "CONFIDENTIAL" .**

14. Challenges to Confidentiality Designations. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The party that designated as "CONFIDENTIAL**"** bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients**.**

15. Use at Court Hearings and Trial. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure.

16. Return or Destruction of Documents. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as confidential, that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

17. Modification. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

18. Additional Parties to Litigation. In the event additional parties are joined in this action, they shall not have access to Discovery Material designated as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

19. Inadvertent Disclosure of Protected Discovery Material. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.  The disclosing party shall provide the other parties with replacement versions of such Confidential Material and follow the designation and production requirements of paragraph 14 within (10) business days of providing such notice.

20. Jurisdiction. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

_____          _____
*Attorney for Plaintiff*                                   *Attorney for Defendant*

Name:
Address:
Telephone:
Email:
    Dated:


Dated:   Brooklyn, NY

          _____, 2025

Name:
Address:
Telephone:
Email:
Dated:


**SO ORDERED:**

_____
MARCIA M. HENRY
United States Magistrate Judge

SUNSET GARDEN OF RIDGEWOOD, INC., and
INDALESIO TELLEZ,

*Plaintiffs*,

v.

THE CITY OF NEW YORK, NYC DEP'T OF
PARKS AND RECREATION, NYC PARKS
GREENTHUMB,
and CARLOS MARTINEZ, CHIEF OF STAFF
OF NYC PARKS GREENTHUMB

*Defendants*.

Civil Case No.: 1:25-cv-04258 (LDH)(MMH)

**EXHIBIT A**

Hon. Judge LaShann DeArcy Hall and Magistrate
Judge Marcia M. Henry

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Printed Name                                        Signature